**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50114 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01042-SVW |
| v. | |
| ROBERTO DURAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Roberto Duran appeals from the 36-month sentence imposed following his

guilty-plea conviction for wire fraud and aiding and abetting, in violation of

18 U.S.C. §§ 2 and 1343.  We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Duran contends the district court procedurally erred by failing to calculate the Sentencing Guidelines range before announcing its sentence. This contention is unpersuasive. The record reflects that the district court complied with the requirements set forth in *United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

Duran further contends the district court failed to recalculate the Guidelines range after rejecting the presentence report's recommendation concerning his criminal history category. Because the district court correctly calculated the Guidelines range as 21 to 27 months imprisonment, the district court did not procedurally err by not recalculating the Guidelines range when discussing the 18 U.S.C. § 3553(a) sentencing factors.

Finally, Duran contends the district court abused its discretion by failing to consider the factors in 18 U.S.C. § 3664(f)(2) when establishing a restitution schedule of $2,000 a month upon release from prison. This contention is belied by the record. *See United States v. Booth*, 309 F.3d 566, 576 (9th Cir. 2002) (rejecting challenge to restitution payment schedule).

**AFFIRMED.**